```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

BENJAMIN ELDRIDGE                               CIVIL ACTION

VERSUS                                          NO: 06-10744

MAGNOLIA MARINE TRANSPORT                       SECTION: J(1)
COMPANY, ET AL

### ORDER AND REASONS

Before the Court is Defendants Magnolia Marine Transport Company and Ergon, Inc.'s **Motion to Dismiss (Rec. Doc. 15)**. This motion, which is opposed, is set for hearing on January 9, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should be denied.

### Background Facts

Plaintiff, a resident of Mississippi, was employed by Magnolia Marine as a deckhand. On October 17, 2006, Plaintiff was injured while working on the M/V Gene Neal. Plaintiff filed suit against Defendants, who have their principal place of business in Mississippi, on December 1, 2006 asserting maintenance and cure, Jones Act, and unseaworthiness claims.

Magnolia Marine also filed a complaint for declaratory

judgment against Plaintiff in the United States District Court for the Southern District of Mississippi on January 23, 2007. As Plaintiff was served with the summons and complaint but failed to answer or otherwise respond, default judgment was entered against Plaintiff on August 7, 2007.

## The Parties' Arguments

### A. Proper Party Defendants

According to Defendants, Ergon is not a proper defendant. Magnolia Marine, which operates towboats and barges, was the Jones Act employer of Plaintiff and had hired Plaintiff as a deckhand.

In opposition, Plaintiff states that Defendants' motion to dismiss should be denied as to Ergon as there is only the unsupported claim that Magnolia Marine is Plaintiff's Jones Act employer, while Plaintiff believes Ergon may be the owner of the vessel on which he was injured.

### B. Res Judicata

Defendants argue that the default judgment entered against Plaintiff in the Southern District of Mississippi operates as *res judicata* in regard to the complaint now pending before this Court. See Morris v. Jones, 329 U.S. 545, 552 (1947) (a judgment of a court having jurisdiction of parties and of subject matter operates as *res judicata* even if obtained upon default). Therefore, because the Southern District of Mississippi had both subject matter and personal jurisdiction in the declaratory judgment action, as all parties are residents of and doing

business in the Southern District of Mississippi, the default judgment operates as *res judicata* in any attempted subsequent litigation.  Furthermore, Plaintiff did not appeal the default judgment, nor has he filed a Rule 60(b) Motion to set aside the judgment.  As such, the judgment is final and conclusive, and as a result, this Court lacks jurisdiction over Plaintiff's pending Jones Act Complaint.

The default judgment specifically stated that: (1) Magnolia Marine has fully satisfied its maintenance and cure obligations; (2) Magnolia Marine is not required to provide benefits for Plaintiff's treatment to his back; (3) Plaintiff was not injured due to the negligence of Magnolia Marine; and (4) the M/V Gene Neal was seaworthy and its appurtenances were in good operating condition on October 17, 2006.  Defendants argue that because all of Plaintiff's claims were dismissed by this default judgment, Plaintiff's only options were to appeal the judgment or move to set it aside pursuant to Rule 60(b).  And the proper and only forum for a Rule 60(b) motion to set aside the default judgment is in the Court that granted the initial judgment.  Therefore, Plaintiff's suit should be dismissed.  Alternatively, the complaint should be transferred to the Southern District of Mississippi in accordance with 29 U.S.C. 1404(a) for enforcement or setting aside of the default judgment.

In opposition, Plaintiff argues that Defendant's motion should be denied as Magnolia Marine contravened the law of this Circuit in abusing the declaratory judgment provisions of Federal

Rules of Civil Procedure 57 and in engaging in "forum shopping" in contravention of the Jones Act plaintiff's right to select the appropriate forum in which to bring his suit.

According to Plaintiff, plaintiff's counsel was in contact with defense counsel.  Despite this communication, defense counsel failed to advise plaintiff's counsel of the pending declaratory action, neither at the time of its filing, nor during the notice period leading up to the confirmation of the default judgment.

Plaintiff asserts that the law of this Circuit is clear regarding such declaratory judgments sought by prospective Jones Act defendants: the declaratory action should have been dismissed as a preemptive attempt at forum-shopping and an abrogation of Plaintiff's rights under the Jones Act to litigate all issues in his injury claims in the forum of his choice.  See, e.g., Chet Morrison Offshore, LLC v. Heyden, No. 06-8282, 2007 WL 1428697, *2 (E.D. La. May 10, 2007).  Plaintiff had in fact filed suit in the Eastern District of Louisiana over one month prior to Magnolia Marine's filing of its complaint for declaratory relief in the Southern District of Mississippi.

To this end, Plaintiff asks that this Court grant Plaintiff sufficient time to have local counsel appear in the Southern District of Mississippi to file Plaintiff's Motion to Set Aside the default judgment and to transfer and consolidate it with the instant suit.

4

**C.   Failure to Make Timely Service of Process**

Additionally, Plaintiff filed the complaint before this Court on December 1, 2006, but did not obtain service of process within 120 days as required by Rule 4(m) of the Federal Rules of Civil Procedure.  Under Rule 4(m), upon failure to timely make service, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice or direct that service be effected within a specified time.  Therefore, according to Defendants, Plaintiff's suit should be dismissed on this ground as well.

## Discussion

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex v. Catrett, 477 U.S. 317, 323 (1986).  If that burden has been met, the nonmoving party must then come forward and establish the specific material facts in dispute to survive summary judgment.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

5

**A.   Proper Party Defendants**

As Defendants have failed to present any evidence that Ergon is not a proper party defendant other than merely so stating, there exists a genuine issue of material fact as to whether Ergon was properly brought into the suit by Plaintiff as a defendant, i.e., whether Ergon owned the M/V Gene Neal.  Therefore, summary judgment should be denied as to Ergon on all theories presented by Defendants.[1]

**B.   Res Judicata**

It is well-established practice that courts in this district dismiss preemptive declaratory judgment actions in maritime personal injury cases.  Such declaratory actions are considered preemptive attempts at forum-shopping and can be an abrogation of Plaintiff's rights under the Jones Act to litigate all issues in his injury claims in the forum of his choice.  See, e.g., Chet Morrison, 2007 WL 1428697; see also Torch, Inc. v. LeBlanc, 947 F.2d 193. 195 (5th Cir. 1991).

Plaintiff had filed suit in the Eastern District of Louisiana over one month prior to Magnolia Marine's filing of its complaint for declaratory relief in the Southern District of Mississippi.[2]  Therefore, Plaintiff should be allowed time to

---

[1] Furthermore, as to Defendants' res judicata ground, Ergon was not a party to the default judgment entered in the Southern District of Mississippi.  The only plaintiff in that case was Magnolia Marine.

[2] The factors that are considered by the Fifth Circuit in determining whether a declaratory action should be dismissed are set forth in St. Paul Ins. Co. v. Trejo and include:

have local counsel appear in the Southern District of Mississippi to file Plaintiff's Motion to Set Aside the default judgment[3] and to transfer and consolidate it with the instant suit.[4]  Only then will Plaintiff's right to litigate in the forum of his choosing be given the proper regard.  See Chet Morrison, 2007 WL 1428697 (stating that "the wholesome purpose of declaratory acts would be

---

> (1)  whether there is a pending state action in which all of the matters in controversy may be fully litigated,
>
> (2)  whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,
>
> (3)  whether the plaintiff engaged in forum shopping in bringing the suit,
>
> (4)  whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist,
>
> (5)  whether the federal court is a convenient forum for the parties and witnesses, and
>
> (6)  whether retaining the lawsuit in federal court would serve the purpose of judicial economy.

39 F.3d 585, 590-91 (5th Cir. 1994).  Although the rule cites pending "state" court actions as a reason for dismissal of a federal declaratory action, the Western District of Louisiana recently noted that a pending federal action must also be considered, the heart of the matter being whether the plaintiff's chosen forum be one where "all of the matters in controversy may be fully considered.  Hercules Lifeboat Company, LLC v. Jones, No. 07-1236, 2007 WL 4355045, *2 (W.D. La. Nov. 15, 2007).

[3] It is well-established that default judgments are disfavored.  Lindsey v. Prive Corp., 161 F.3d 886 (5th Cir. 1998).

[4] This Court also notes that failure to notify opposing counsel of a pending default judgment may constitute ill practice sufficient to nullify the judgment.  See Elmwood Marine Services, Inc. v. A&A Barge Cleaning, No. 98-0030, 1998 WL 483479, *3 (E.D. La. Aug. 14, 1998).

aborted by its used as an instrument of procedural fencing either to secure delay or choose a forum"). Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss (Rec. Doc. 15)** is hereby **DENIED.**

New Orleans, Louisiana, this 11th day of January, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE